JEANNE DIONNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CONRAD L. DIONNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dionne v. Commissioner
Docket Nos. 998-92, 3419-92
United States Tax Court
T.C. Memo 1993-117; 1993 Tax Ct. Memo LEXIS 115; 65 T.C.M. (CCH) 2182; March 29, 1993, Filed *115 An appropriate order will be issued denying petitioners' motion as to petitioner Conrad L. Dionne. An appropriate order will be entered granting petitioners' motion as to petitioner Jeanne Dionne. For petitioners: Frank P. Spinella, Jr.
For respondent: Keith Troxall. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: These consolidated cases are before the Court on petitioners' Motion to Dismiss for Lack of Jurisdiction filed with the Court on August 19, 1992, pursuant to Rule 53. The issue for decision is whether a shareholder in an S corporation that is a partner in a partnership subject to the unified audit and litigation procedures of sections 6221-6233 (the TEFRA -- Tax Equity and *116 Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, procedures) is a "partner" for the purpose of applying the regulations which provide that, in the event of a bankruptcy petition filed by a partner, the partnership items of such partner are converted to nonpartnership items. See sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987). Petitioners were residents of Hudson, New Hampshire, at the time the petition herein was filed. By notice of deficiency mailed October 16, 1991, respondent determined a deficiency in Conrad L. and Jeanne Dionne's Federal income tax for 1988 in the amount of $ 83,903. The deficiency determined by respondent was attributable to Conrad Dionne's status as a shareholder of Rancourt Land Associates of N.H., Inc. (Rancourt Land), a subchapter S corporation and partner of Rancourt Associates of New Hampshire (Rancourt Associates), and reflected adjustments attributable to petitioners' investment in Rancourt Associates. Rancourt Associates is a partnership subject to the TEFRA procedures. On January 13, 1992, Jeanne Dionne filed a petition with the Tax Court. Conrad L. Dionne, *117 who had filed for bankruptcy on October 26, 1990, filed a separate petition on February 13, 1992, after the automatic stay imposed by 11 U.S.C. section 362(a)(8), (c), (d) (1988) was lifted by the bankruptcy court. At the time the petitions were filed, no notice of Final Partnership Administrative Adjustment (FPAA) in respect of Rancourt Associates had been issued by respondent. The two cases were consolidated for hearing and disposition. Petitioners' motion to dismiss these cases is based on the ground that the notice of deficiency issued to petitioners is invalid for failure to comply with the TEFRA procedures. Respondent now concedes that, based upon the Court's recent decision in Dubin v. Commissioner, 99 T.C.     (1992), the notice of deficiency is invalid insofar as it pertains to petitioner Jeanne Dionne because under the Dubin rationale, the bankruptcy petition of Conrad L. Dionne would not convert Jeanne Dionne's partnership items to nonpartnership items. However, respondent maintains that the notice of deficiency is valid insofar as it pertains to Conrad L. Dionne (hereinafter petitioner). Under the TEFRA procedures, judicial *118 resolution of disputes involving partnership items is separate from and independent of disputes involving nonpartnership items. Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). Consequently, the portion of any deficiency attributable to a partnership item cannot be considered in the partner's case involving nonpartnership items but must be considered in a partnership level proceeding. Id. Respondent may not assess a deficiency attributable to a partnership item until after the close of a partnership proceeding. Sec. 6225(a). Cf. Sec. 7485(b). Section 6231(c)(2) provides that in certain special enforcement areas the Secretary may provide by regulations for the conversion of a partner's partnership items into nonpartnership items. Pursuant to section 6231(c)(2) the Secretary has promulgated regulations which provide that the partnership items of a partner named as debtor in a bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy (the bankruptcy rule). Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 *119 (Mar. 5, 1987). The effect of the conversion is to remove the partner from the partnership proceeding and subject the converted items to the deficiency procedures applicable to the partner's individual tax case. Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198, 203 (1987). In the present case, petitioner asserts that his status as a shareholder of the S corporation Rancourt Land, which is itself a partner of Rancourt Associates, does not make him a partner of Rancourt Associates, and therefore his bankruptcy petition does not serve to convert partnership items into nonpartnership items. Thus, according to petitioner, the notice of deficiency issued to him is invalid because a partnership proceeding has not been concluded. Respondent asserts that according to the expanded definition of the term "partner" contained in section 6231(a)(2)(B), petitioner is a partner of Rancourt Associates for TEFRA proceeding purposes. Therefore, respondent argues, pursuant to the bankruptcy rule no partnership level proceeding is necessary before respondent may move against petitioner. Section 6231(a)(2) provides as follows: (2) PARTNER.-The term "partner" *120 means- (A) a partner in the partnership, and (B) any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership. [Emphasis added].
Petitioner clearly falls within the ambit of section 6231(a)(2)(B). Because the S corporation here involved, Rancourt Land, is a pass-through entity, petitioner's income tax liability as stockholder in the S corporation is clearly determined by taking into account, indirectly, partnership items of the partnership Rancourt Associates. Therefore, under section 6231(a)(2)(B), petitioner is deemed a partner of Rancourt Associates for purposes of subchapter C of chapter 63. Consequently, for purposes of applying the bankruptcy rule petitioner is a partner. Hence, when petitioner filed for bankruptcy the partnership items relating to him became nonpartnership items. The notice of deficiency issued by respondent is therefore valid as to petitioner. We do not believe that our recent decision in Dubin v. Commissioner, supra, provides support for petitioner's position here. In the Dubin case, taxpayer and her *121 husband held certain partnership interests as community property. Prior to the notice of deficiency, the husband was named as a debtor in a bankruptcy proceeding. A subsequent single deficiency notice to taxpayer and her husband disallowed certain partnership losses and credits. The taxpayer filed her petition contesting the determination and subsequently moved to dismiss the case for lack of jurisdiction on the ground that respondent's notice of deficiency was invalid. Respondent argued that the taxpayer and her husband, in view of their joint interest in the partnership, should be treated as one person under the statute for purposes of applying the bankruptcy rule found in section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs. We concluded that, even though taxpayer and her husband had a joint interest in the partnership, they were each to be treated as a partner for purposes of applying the TEFRA procedures under the explicit regulations to that effect promulgated by respondent. Section 6231(a)(12) sets forth a general rule to the effect that, "Except to the extent otherwise provided in regulations," spouses with a joint interest in a partnership are treated as one person *122 (or partner). That rule was superseded by section 301.6231(a)(12)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), which provided that spouses holding a joint interest in a partnership are treated as separate persons (or partners). It is evident that the rationale of the Dubin case is inapplicable to petitioner's case. Here, we have concluded that petitioner, under the factual circumstances here present, is a "partner" in Rancourt Associates under the unambiguous definition of that term as contained in section 6231(a)(2). In keeping with that conclusion, it follows that petitioner is a "partner" for purposes of applying the bankruptcy rule (section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs.) which requires, in the event a "partner" is named as a debtor in a bankruptcy proceeding, that any partnership items in a TEFRA proceeding, with respect to such "partner" shall be treated as nonpartnership items. Accordingly, petitioners' Motion to Dismiss filed August 19, 1992, will be denied as to petitioner Conrad L. Dionne. An appropriate order will be issued denying petitioners' motion as to petitioner Conrad L. Dionne.
*123 An appropriate order will be entered granting petitioners' motion as to petitioner Jeanne Dionne.