THIRD DIVIDEND/ DARDANOS ASSOCIATES, A CALIFORNIA LIMITED PARTNERSHIP, DIVIDEND DEVELOPMENT CORPORATION, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; THIRD DIVIDEND/ DARDANOS ASSOCIATES, A CALIFORNIA LIMITED PARTNERSHIP, RICHARD B. OLIVER and DOUGLAS WATSON, PARTNERS OTHER THAN THE TAX MATTERS PARTNERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Third Dividend/Dardanos Assocs. v. Commissioner
Docket Nos. 3892-93, 3930-93
United States Tax Court
T.C. Memo 1994-412; 1994 Tax Ct. Memo LEXIS 421; 68 T.C.M. (CCH) 496; August 22, 1994, Filed *421 Orders of Dismissal for Lack of Jurisdiction will be entered. For petitioners: Curtis W. Berner. For respondent: Henry Schneiderman, Pamela Satterfield, and Curtis G. Wilson. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: [1] These cases are before us to determine jurisdiction. Summary of Facts
In docket No. 3892-93, respondent mailed on September 23, 1992, a notice of Final Partnership Administrative Adjustment (FPAA) to the Tax Matters Partner (TMP) of Third Dividend/Dardanos Associates (the partnership) for the partnership's tax year ended December 31, 1987. On February 24, 1993, a timely petition for readjustment was filed by Dividend Development Corporation (DDC) as the TMP in its capacity as notice partner. DDC, an S corporation, was a general partner holding a 50-percent interest in the partnership. For the 1987 tax year, DDC had *422 two shareholders, Richard B. Oliver and Douglas Watson, each holding a 50-percent interest. On February 25, 1993, a timely petition for readjustment was filed in docket No. 3930-93 by Richard B. Oliver and Douglas Watson as notice partners. For the tax year ended December 31, 1987, the partnership consisted of three partners. Morgan Pacific Realty Corporation, a subchapter C corporation, was a general partner holding a one-percent interest. Brookside Partners III, a limited partnership, was a limited partner holding a 49-percent interest. DDC owned the remaining 50-percent interest. On February 20, 1992, prior to issuance of the FPAA and the filing of the Tax Court petitions, DDC filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. By letters dated June 12, 1992, the Internal Revenue Service (IRS) informed DDC that it no longer was a party to the administrative proceedings because its partnership items had converted to nonpartnership items under section 6231(c)[2] and the temporary regulations thereunder. In addition, the letters informed DDC that it no longer qualified as the TMP and that the *423 partnership should designate a successor TMP. By letter dated July 13, 1992, IRS selected Morgan Pacific Realty Corporation as the TMP for the partnership's tax year ended December 31, 1987. Respondent filed in docket No. 3930-93 a Motion to Dismiss for Lack of Jurisdiction, pursuant to section 6226(b)(2) and (b)(4) on the ground that the petition is a duplication of the previously filed petition in docket No. 3892-93. The Court later set respondent's motion for hearing. Before the hearing, the parties had a conference call with Special Trial Judge Buckley to explain that it was respondent's intention to withdraw the motion to dismiss filed in docket No. 3930-93 and to file a motion to dismiss for lack of jurisdiction in docket No. 3892-93. Respondent's counsel stated that it was no longer respondent's position that the later filed petition was duplicative because respondent had subsequently concluded that the first petition *424 in docket No. 3892-93 was invalid. It was then agreed that Special Trial Judge Buckley would hear the oral arguments of the parties with respect to the validity of the petitions filed in both cases without requiring respondent to withdraw her initial motion in docket No. 3930-93 and substitute a motion to dismiss the petition in docket No. 3892-93. Following oral arguments, respondent filed a post-hearing memorandum brief, and petitioners filed a reply brief. 1. Docket No. 3892-93
Respondent's position is that the petition filed in docket No. 3892-93 is invalid, and the case should be dismissed for lack of jurisdiction. The reason given is that, on the date the petition was filed, DDC was ineligible to file a petition from the FPAA under section 6226(d) because the partnership items converted to nonpartnership items upon its filing a petition in bankruptcy. Petitioners agree that docket No. 3892-93 should be dismissed for lack of jurisdiction, although for somewhat different reasons. DDC filed the petition in docket No. 3892-93 in its capacity as a notice partner, not in its capacity as TMP. In Barbados #6, Ltd. v. Commissioner, 85 T.C. 900 (1985), *425 this Court held that a TMP may file a petition as a notice partner if it so qualifies. To qualify as a notice partner, section 6226(d) requires that a partner have an interest in the outcome of the proceeding. A partner no longer has an interest in the outcome of a partnership proceeding if that partner's partnership items become nonpartnership items by reason of any of the events described in section 6231(b). Sec. 6226(d)(1)(A). Moreover, a partner cannot file a petition unless such partner would be treated as a party to the proceeding. Sec. 6226(d)(2). Section 6231(b)(1)(D) provides that partnership items become nonpartnership items under circumstances that the Secretary has determined present special enforcement considerations. Under the authority of section 6231(c)(1)(E), the Secretary has determined by regulation that the bankruptcy of a partner is a special enforcement area. Section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides as follows: (a) Bankruptcy. The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere *426 with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy.
At issue is whether the partnership items of an S corporation that is a pass-thru partner convert to nonpartnership items when the S corporation files a bankruptcy petition. If the S corporation's partnership items convert to nonpartnership items, then it no longer has an interest in the outcome of the partnership proceeding. As a notice partner that no longer has an interest in the outcome, the S corporation is ineligible to file a petition because it is not a party to the proceeding. Sec. 6226(d). Respondent contends that the partnership items of the S corporation converted to nonpartnership items upon its filing a petition in bankruptcy. Section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., supra, provides *427 that partnership items shall be treated as nonpartnership items if the United Statescould file a claim for income tax due in the bankruptcy proceeding. Generally, S corporations are not subject to income tax at the entity level because items of income, gain, loss, deduction or credit flow through and are reported on the individual shareholders' returns. Secs. 1363(a), 1366(a). [3]
There are, of course, certain circumstances in which S corporations may be liable for income tax. For example, section 1374 provides for a tax at the entity level on built-in gains, and section 1375 provides for a tax at the entity level on excessive *428 passive investment income. Thus, the Code provides potential situations in which the United States "could" file a claim for income tax due where an S corporation is a debtor in bankruptcy. Section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., supra, does not distinguish those situations in which the debtor/partner is a pass-thru partner or simply a partner. See Dionne v. Commissioner, T.C. Memo. 1993-117. Nor does the bankruptcy conversion regulation require the United States to have an actual claim for income tax liability against the debtor. In fact, the temporary regulation would be unworkable if it required actual income tax liability on the part of the debtor. This is because conversion of the partnership items to nonpartnership items occurs automatically by operation of law on the date the bankruptcy petition is filed. On the date of conversion the United States may not be aware of actual income tax liability and may be unable to determine if such liability exists if, for example, an audit of the relevant taxable years has not commenced. Here the partnership items of DDC converted to nonpartnership items before it filed the petition *429 in docket No. 3892-93 because the United Statescould file a claim for income tax due against the S corporation in the bankruptcy proceeding. Consequently, DDC no longer had an interest in the outcome of the proceeding because of the conversion, and it was not permitted to file a petition as a notice partner on behalf of the partners in the partnership. Therefore, we hold that the petition filed in docket No. 3892-93 is invalid, and, on the Court's own motion, that case will be dismissed for lack of jurisdiction. 2. Docket No. 3930-93
At the hearing before Special Trial Judge Buckley petitioners Oliver and Watson raised the issue of whether the partnership items of the indirect partners converted to nonpartnership items when the pass-thru partner filed a petition in bankruptcy. DDC is a pass-thru partner within the meaning of section 6231(a)(9) because it is an entity through which other persons hold an interest in the source partnership. In turn, the shareholders of DDC are indirect partners in the source partnership within the meaning of section 6231(a)(10). Petitioners asserted at the hearing and in their reply brief that if their items converted, the petition *430 in docket No. 3930-93 is invalid because the indirect partners are no longer parties to the proceeding and do not have an interest in the outcome of the proceeding. Respondent takes a contrary view and contends that petitioners' position is unsupported by law. On brief respondent makes the following arguments: The bankruptcy of a tier should be treated the same as the bankruptcy of a partnership. American Principals Leasing Corp. v. United States, 904 F.2d 477 (9th Cir. 1990), involved a partnership-level proceeding where the partnership was in bankruptcy, but the partners were not. Although this case did not involve a tier situation because there were no pass-thru partners, the Court's reasoning is applicable to the facts of this case. The Court of Appeals for the Ninth Circuit concluded that section 505 of the Bankruptcy Code grants bankruptcy courts jurisdiction to determine the tax liability of the debtor, but they do not have jurisdiction to determine the tax consequences to third parties. 904 F.2d at 481. Thus, where a partnership is in bankruptcy, the bankruptcy court does not have jurisdiction over the partners *431 in the partnership because the partners are not the debtor. Id.; see also Western Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51 (1990) (where partnership in the bankruptcy, court held TEFRA partnership proceeding need not be stayed because partnership proceeding ultimately affects only the tax liability of the partners); Chef's Choice Produce, Ltd. v. Commissioner, 95 T.C. 388 (1990) (where partnership in bankruptcy, court held partners, not partnership, real parties in interest; therefore, continued existence of partnership not essential to operation of partnership procedures). In Dionne v. Commissioner, T.C. Memo. 1993-117, an indirect partner held an interest in a TEFRA partnership through an S corporation. The Court held that an indirect partner's partnership items attributable to a source partnership convert to nonpartnership items upon such indirect partner's filing a bankruptcy petition because indirect partners are partners in the source partnership within the meaning of section 6231(a)(2)(B). Respondent submits that only an event personal to the indirect partner will convert *432 the indirect partner's partnership items to nonpartnership items and that the bankruptcy of the pass-thru partner should be ignored. In this case, the pass-thru partner is in bankruptcy but the indirect partners are not. Under section 505 of the Bankruptcy Code, the bankruptcy court has jurisdiction to determine the tax liability of DDC, the debtor in bankruptcy, but it does not have jurisdiction to determine the tax liability of the individual shareholders, the petitioners in this case. See In re Brandt-Airflex Corp., 843 F.2d 90 (2d Cir. 1988); United States v. Huckabee Auto Co., 783 F.2d 1546 (11th Cir. 1986); see also In re Aboussie Brothers Construction Co., 8 B.R. 302 (E.D. Mo. 1981). Moreover, section 301.6231(c)-7T(a) only provides for conversion of partnership items of a partner where the United States could file a claim against the debtor/partner. The partnership items of the indirect partners did not convert to nonpartnership items when the pass-thru partner filed a petition in bankruptcy because they are not debtors in the bankruptcy proceeding, and thus, the United States *433 could not file a claim for income tax due from the indirect partners in the pass-thru partner's bankruptcy proceeding. Therefore, the petition filed in this case is valid.
We agree with petitioners. Messrs. Oliver and Watson, the petitioners in docket No. 3930-93, are the only shareholders of DDC, each having a 50-percent interest in the issued and outstanding stock of DDC. They have no direct interest in the partnership. Their only interest in the partnership is as indirect partners (section 6231(a)(10)) through DDC. Their only link to the partnership is through DDC. Under section 6223(a), the Commissioner is required to send notices relating to the beginning and completion of administrative proceedings for the adjustment at the partnership level of partnership items to those partners whose names and addresses have been furnished to her. See sec. 6230(e). However, the Commissioner is not required to send any such notices to indirect partners who have not met the requirements of section 6223(c)(3) and section 301.6223(b)-1T(c)(6), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784-6785 (Mar. 5, 1987) (the identification requirements), nor is *434 the Commissioner required to furnish to any partner any other notices or information. As respondent points out, however, and as petitioners agree, Messrs. Oliver and Watson have not satisfied the identification requirements. Even though the Commissioner is not required to give notices to indirect partners who have not satisfied the identification requirements (and did not in fact give any such notices to Messrs. Oliver or Watson), the statutory scheme imposes certain responsibilities upon the TMP. These responsibilities include forwarding the Commissioner's notices to partners (including indirect partners) not entitled to receive notices directly from the Commissioner. Secs. 301.6223(g)-1T(a)(1) and (2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987). In addition, the TMP is required to provide additional information relating to administrative and judicial proceedings to certain partners. Sec. 301.6223(g)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987). However, the TMP is not required to give any such notices to any partner once its partnership items have been converted to nonpartnership *435 items. Sec. 301.6223(g)-1T(a)(3)(i) and (b)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785, 6786 (Mar. 5, 1987). Consequently, once DDC's partnership items converted to nonpartnership items by reason of its bankruptcy, and after respondent selected a new TMP, Morgan Pacific Realty Corporation, the TMP of the partnership was no longer required to keep DDC informed of the administrative and judicial proceedings for the adjustment at the partnership level of partnership items. Nor was the new TMP required to give any notices or information of administrative or judicial proceedings to the shareholders of DDC (indirect partners). Sec. 301.6223(g)-1T(a)(3)(ii) and (b)(2)(ii), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785, 6786 (Mar. 5, 1987). Consequently, as a result of cutting the link between the indirect partners and the partnership by virtue of DDC's bankruptcy, the indirect partners' source of information ceased with respect to the administrative and judicial proceedings for the adjustment at the partnership level of the partnership items. The statutory scheme also imposes certain responsibilities upon pass-thru *436 partners. When a pass-thru partner receives a notice with respect to a partnership proceeding from the Commissioner, the TMP or another pass-thru partner, the pass-thru partner is required to forward a copy of the notice to the person or persons holding an interest (through the pass-thru partner) in the profits or losses of the partnership for the partnership taxable year to which the notice relates. Sec. 6223(h)(1). After a pass-thru partner's partnership items are converted to nonpartnership items because of a bankruptcy filing, the pass-thru partner is no longer entitled to receive information from the TMP relating to the administrative and judicial proceedings for the adjustment at the partnership level of partnership items. Sec. 301.6223(g)-1T(a)(3)(i), supra. Consequently, the pass-thru partner is no longer able to meet its obligations under section 6223(h)(1). The link between the indirect partners and the partnership has been cut. The indirect partners no longer have access to information relating to the judicial or administrative proceedings for the adjustment at the partnership level of partnership items. Thus it is appropriate to treat the partnership items *437 of the indirect partners as converted to nonpartnership items at the same time as the conversion of the pass-thru partner's items occurred. It therefore follows that the Court has no jurisdiction over docket No. 3930-93 because Messrs. Oliver and Watson had no interest in the outcome of the proceeding at the time they filed their petition. Sec. 6226(d)(1)(A). Alternatively, respondent contends that, while petitioners did not meet the identification requirements to become notice partners under section 6223, they did have an aggregate profits interest of 5 percent or more for the tax year ended December 31, 1987, and therefore their petition in docket No. 3930-93 was validly filed in that capacity. However, respondent's argument assumes that Messrs. Oliver and Watson still had an interest in the outcome of the proceeding for purposes of section 6226(d). That is a jurisdictional requirement not only for notice partners, but also for members of a 5-percent group. There is no distinction between notice partners and members of a 5-percent group in section 6226(d). As respondent correctly notes, indirect partners are deemed partners under section 6231(a)(2)(B). As partners, they must *438 have an interest in the outcome of the proceeding under section 6226(d) to confer jurisdiction upon this Court over their petition. However, because their partnership items converted to nonpartnership items at the same time as DDC's partnership items converted (February 20, 1992, the date of DDC's bankruptcy filing), they had no interest in the outcome of the proceeding at the time they filed their petition. Accordingly, we conclude that this Court does not have jurisdiction in docket No. 3930-93, and, on the Court's own motion, that case will be dismissed. One final point. Respondent argues that because the bankruptcy of a "source" partnership is ignored for purposes of determining the income tax liability of its partners, the bankruptcy of a pass-thru partner should be ignored for purposes of determining whether the partnership items of the indirect partners have been converted to nonpartnership items. We think this is incorrect. Respondent ignores the fact that the pass-thru partner, DDC, is the only link between the partnership and the indirect partners, Messrs. Oliver and Watson -- a link that has been broken by the conversion of DDC's items as a result of its bankruptcy *439 filing. The cases cited by respondent are not analogous. They hold that a bankruptcy court does not have the power in a bankruptcy proceeding involving a partnership as a debtor to determine the income tax liability of its partners. But that legal conclusion is not relevant for determining whether the partnership items of an indirect partner are automatically converted by the conversion of the partnership items of the pass-thru partner through which the indirect partners hold an interest in the "source" partnership. Respondent cites Dionne v. Commissioner, T.C. Memo. 1993-117, in support of her argument. In Dionne, the pass-thru partner was a subchapter S corporation. It did not file a bankruptcy petition; rather, an indirect partner, a partner in the pass-thru S corporation, filed a bankruptcy petition. We concluded that the filing of a bankruptcy petition by an indirect partner, who was a partner within the meaning of section 6231(a)(2)(B), converted that indirect partner's partnership items in the "source" partnership to nonpartnership items. The Dionne case does not address the issue of what happens to the partnership items of an *440 indirect partner upon the conversion of the pass-thru partner's partnership items to nonpartnership items. Conclusion
For the reasons stated herein, we hold that both cases, docket No. 3892-93 and docket No. 3930-93, should be dismissed for lack of jurisdiction on the ground that both petitions are invalid. Therefore, Orders of Dismissal for Lack of Jurisdiction will be entered. Footnotes
1. These cases were reassigned on Aug. 8, 1994, from Special Trial Judge Helen A. Buckley to Judge Howard A. Dawson, Jr.↩, for disposition of the jurisdictional matters.
2. Unless otherwise indicated, all Code section references are to the Internal Revenue Code.↩
3. Respondent asserts that the result may be different where the pass-thru partner is a partnership because the Code and legislative history recognize that there are distinctions between S corporations and partnerships. See sec. 6244; S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729; H. Rept. 97-826, at 24 (1982), 1982-2 C.B. 730↩, 741.