131 T.C. No. 14


UNITED STATES TAX COURT


PCMG TRADING PARTNERS XX, L.P., DAVID BOYER, DONALD DEFOSSET,
JR., RICHARD M. KELLEHER, MICHAEL ROWNY AND JOHN A. MCMULLEN,
PARTNERS OTHER THAN THE TAX MATTERS PARTNER, ET AL.,[1] Petitioners
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5078-08, 5149-08,    Filed December 11, 2008.
               5150-08, 5151-08,
               5152-08, 5153-08,
               5154-08.

---

[1] Cases of the following petitioners are consolidated herewith: PCMG Trading Partners XX, L.P., David Boyer, A Partner Other Than the Tax Matters Partner, docket No. 5149-08; PCMG Trading Partners XX, L.P., Donald DeFossett, Jr., A Partner Other Than the Tax Matters Partner, docket No. 5150-08; PCMG Trading Partners XX, L.P., Richard M. Kelleher, A Partner Other Than the Tax Matters Partner, docket No. 5151-08; PCMG Trading Partners XX, L.P., John A. McMullen, A Partner Other Than the Tax Matters Partner, docket No. 5152-08; PCMG Trading Partners XX, L.P., Michael Rowny, A Partner Other Than the Tax Matters Partner, docket No. 5153-08; and PCMG Trading Partners XX, L.P., PCMG Trading Fund XX, LLC., A Partner Other Than the Tax Matters Partner, docket No. 5154-08.

On Feb. 28, 2008, five indirect partners filed a petition pursuant to sec. 6226(b)(1), I.R.C., as members of a 5-percent group challenging adjustments to partnership items in the notice of final partnership administrative adjustment (FPAA) and asserting that the period of limitations on assessments had expired. On Feb. 29, 2008, six petitions regarding the same FPAA were filed, one by the pass-thru partner through which the five indirect partners held their interests in the partnership and one by each of the same individual indirect partners who filed the initial petition on Feb. 28, 2008. The five petitions filed by the individual indirect partners purport to be filed pursuant to sec. 6226(d)(1), I.R.C., solely to assert that the period of limitations for assessment has expired as to each of them.

Held: The initial petition filed by the five indirect partners on Feb. 28, 2008, as members of a 5-percent group was valid under sec. 6226(b)(1), I.R.C., and must go forward pursuant to sec. 6226(b)(2), I.R.C. Sec. 6226(b)(4), I.R.C., provides that subsequent actions regarding the same FPAA must be dismissed. Sec. 6226(d)(1), I.R.C., which allows a partner to file a petition solely for the purpose of asserting that the period of limitations on assessments has expired as to him, does not override the provisions of sec. 6226(b)(2) and (4), I.R.C. The six petitions filed on Feb. 29, 2008, must be dismissed for lack of jurisdiction pursuant to sec. 6226(b)(4), I.R.C.

N. Jerold Cohen and Thomas A. Cullinan, for petitioners.

Bonnie L. Cameron, for respondent.

OPINION

RUWE, Judge: These seven cases were consolidated for purposes of considering respondent's motions to dismiss the six cases bearing docket Nos. 5149-08, 5150-08, 5151-08, 5152-08,

5153-08, and 5154-08, for lack of jurisdiction pursuant to section 6226(b)(2) and (4).[2]

## Background

On October 3, 2007, pursuant to section 6223(a)(2), respondent issued a notice of final partnership administrative adjustment (FPAA) to the Private Capital Management Group, L.L.C., the tax matters partner (TMP) for PCMG Trading Partners XX, L.P. (the partnership), for the taxable years 1999 and 2000.[3] On the same date respondent also sent a copy of the FPAA to PCMG Trading Fund XX, LLC (Fund), which was a "notice partner" of the partnership. See sec. 6231(a)(8). Fund was also a "pass-thru partner." See sec. 6231(a)(9). David Boyer, Donald DeFossett, Jr., Richard M. Kelleher, Michael Rowny, and John A. McMullen were members of Fund and as such were indirect partners of the partnership. See sec. 6231(a)(10). None of these individual indirect partners was a notice partner.

_____

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

[3] Attached to the seven petitions are copies of two different FPAAs, both issued to the TMP on Oct. 3, 2007. The FPAA referred to in this Opinion pertains to tax years 1999 and 2000. The other FPAA pertains only to tax year 1999, contains no adjustments, and appears to be a partial duplication of the FPAA for 1999 and 2000. Petitioners dispute the proposed adjustments to both tax years, and in the motions under consideration and the responses thereto the parties refer to a single FPAA covering both years; we do likewise.

Pursuant to section 6226(a), the TMP has 90 days from the mailing of the FPAA to file a petition for readjustment of partnership items. The TMP did not file a petition. Pursuant to section 6226(b)(1), if the TMP does not file a timely petition, any notice partner and any 5-percent group may file a petition for readjustment of partnership items within 60 days after the close of the 90-day period described in section 6226(a). Under section 6231(a)(11), a 5-percent group is a group of partners who had aggregate profits interests in the partnership of 5 percent or more for the partnership's taxable years at issue.

On February 28, 2008, David Boyer, Donald DeFossett, Jr., Richard M. Kelleher, Michael Rowny, and John A. McMullen filed a single petition for readjustment of partnership items as a 5-percent group (docket No. 5078-08). The aggregate profits interests of these individual indirect partners for the 1999 and 2000 taxable years exceeded 5 percent. The petition filed by members of the 5-percent group was filed within the 60-day period described in section 6226(b)(1).

On the following day, February 29, 2008, Fund, as a notice partner, filed a petition for readjustment of partnership items with respect to the same FPAA (docket No. 5154-08). Also on February 29, 2008, each of the aforementioned individual indirect partners filed a separate petition with respect to the same FPAA (docket Nos. 5149-08, 5150-08, 5151-08, 5152-08, and 5153-08)

asserting that the period of limitations for assessing any tax attributable to partnership items had expired as to each of them. The statute of limitations issue raised in each of the five petitions filed by the individual indirect partners had also been raised in the petition filed by the 5-percent group and in the petition filed by Fund.

## Discussion

Respondent argues that the petition filed by the 5-percent group (docket No. 5078-08) on February 28, 2008, was a valid petition that gives this Court jurisdiction over the partnership items and statute of limitations issues and that the six petitions filed the following day are simply duplications that must be dismissed for lack of jurisdiction pursuant to section 6226(b)(2) and (4).

Petitioners[4] agree that the first petition by the 5-percent group was valid for jurisdictional purposes but state that the subsequent six petitions were filed as a "backup" because of uncertainty about whether jurisdiction over the petition filed by the 5-percent group will be upheld. Petitioners also argue that the five individual indirect partners each have a right to file individual petitions pursuant to section 6226(d)(1) even if the petition filed by the 5-percent group is held to be valid.

_____

[4] Unless otherwise noted, we will refer to all petitioners collectively since they share counsel and have collectively made the same arguments.

Petitioners ask us to deny respondent's motions to dismiss. Petitioners also moved for consolidation of the seven cases, which respondent opposes.

It is incumbent on us to resolve the various jurisdictional issues raised by the parties. As we recently stated:

> This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983). We have jurisdiction to determine whether we have jurisdiction. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978). As we stated in Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960): "[Q]uestions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." [Stewart v. Commissioner, 127 T.C. 109, 112 (2006).]

I. Validity of the First Petition by the 5-Percent Group

Section 6226(b)(1) provides:

> SEC. 6226(b). Petition by Partner Other Than Tax Matters Partner.--
>
> > (1) In general.--If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).[5]

---

[5] This Court is one of the courts described in sec. 6226(a).

A 5-percent group is defined in section 6231(a)(11) as "a group of partners who for the partnership taxable year involved had profits interests which aggregated 5 percent or more."  "The term 'partner' means--(A) a partner in the partnership, and (B) any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership."  Sec. 6231(a)(2).  "The term 'indirect partner' means a person holding an interest in a partnership through 1 or more pass-thru partners."  Sec. 6231(a)(10).[6]  We have held that an indirect partner is deemed a partner under section 6231(a)(2)(B).  Dionne v. Commissioner, T.C. Memo. 1993-117.  On the basis of these definitions, we conclude that a 5-percent group entitled to file a petition under section 6226(b)(1) can be made up by indirect partners.  See also section 301.6231(d)-1, Proced. & Admin. Regs., which prescribes timing rules for determining profits interests of indirect partners for purposes of qualifying as a 5-percent group.

It is undisputed that each of the individuals who filed the first petition as a 5-percent group (docket No. 5078-08) was an indirect partner in the partnership who held an interest in the

---

[6] "The term 'pass-thru partner' means a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted."  Sec. 6231(a)(9).

partnership through Fund, which was a pass-thru partner.  As such, these five individuals were also "partners" within the meaning of section 6231(a)(2)(B) who held profits interests which aggregated 5 percent or more and therefore qualified as a 5-percent group under section 6231(a)(11).

The only "fly in the ointment" is that only one reported case cited by either party directly supports the proposition that indirect partners may form a 5-percent group:  Third Dividend/Dardanos Associates v. Commissioner, 88 F.3d 821 (9th Cir. 1996), revg. T.C. Memo. 1994-412.  In Third Dividend, a notice partner[7] which was also a pass-thru partner filed a petition after it had filed for bankruptcy and after it had been notified that it was no longer a party to the partnership proceedings because its partnership items had been converted to nonpartnership items.  See sec. 6231(c).  On the following day, two indirect partners who held aggregate profits interests in the partnership of more than 5 percent through the pass-thru partner also filed a petition with respect to the same FPAA.  This Court dismissed the first petition on the ground that the pass-thru partner's bankruptcy disqualified it from filing a petition and from entitlement to further notice in the partnership proceeding.

---

[7] Sec. 6231(a)(8) provides that "The term 'notice partner' means a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof)."

Because the pass-thru partner was not entitled to notice, the link of notice to the indirect partners had also been cut. We held that because the link of notice had been broken, the partnership items of the indirect partners had converted to nonpartnership items. As a result, we held that the Court lacked jurisdiction over the petition filed by the indirect partners. The Court of Appeals for the Ninth Circuit reversed, holding that the indirect partners qualified as a 5-percent group that was entitled to file a petition regardless of the bankruptcy of the pass-thru partner or whether the link of notice to them had been cut.

The instant case does not involve any bankruptcy or notice issues and is therefore distinguishable from Third Dividend. However, putting those issues aside, we agree with the holding of the Court of Appeals for the Ninth Circuit that this Court has jurisdiction over a timely petition filed by members of a 5-percent group composed of indirect partners. Therefore, we hold that this Court has jurisdiction over the petition filed by the members of the 5-percent group in docket No. 5078-08.

II. Dismissal of Subsequent Petitions

As previously stated, section 6226(b)(1) sets forth our jurisdiction over petitions for readjustment of partnership items

filed by notice partners and 5-percent groups.  Section 6226(b)(2) and (4) then provides:

> (2) Priority of the tax court action.--If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

> \*       \*       \*       \*       \*       \*       \*

> (4) Dismissal of other actions.--If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.

Since we have already held that we have jurisdiction over the petition filed by the 5-percent group at docket No. 5078-08, which was the first action brought, that action must go forward pursuant to section 6226(b)(2).  Section 6226(b)(4) would seem to require that the six subsequently filed petitions regarding the same FPAA be dismissed for lack of jurisdiction.  See Cablevision of Conn. v. Commissioner, T.C. Memo. 1993-106; Cambridge Research & Dev. Group v. Commissioner, T.C. Memo. 1991-434.  However, with respect to the five petitions filed by the individual indirect partners, petitioners argue that there is a statutory exception to the dismissal requirement of section 6226(b)(4).  They glean this exception from section 6226(c) and (d), which provides:

> SEC. 6226(c).  Partners Treated as Parties.--If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year--

(1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

(2) the court having jurisdiction of such action shall allow each such person to participate in the action.

(d) Partner Must Have Interest in Outcome.--

(1) In order to be party to action.-- Subsection (c) shall not apply to a partner after the day on which--

(A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

(B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion. [Emphasis added.]

The above emphasized provisions of section 6226(d)(1) were added by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1239(b), 111 Stat. 1027. The legislative history explains: "The provision * * * permits a partner to participate in an action or

file a petition for the sole purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired for that person."  H. Rept. 105-148, at 594 (1997), 1997-4 C.B. (Vol. 1) 319, 916.[8]

The individual indirect partners argue that even though their individual petitions raise the same issue regarding the statute of limitations that was raised in the lead petition of the 5-percent group, section 6226(d)(1) permits them each to file a petition solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to them.[9]

---

[8] The report explains the law that existed before the 1997 amendment as follows:

> For a partner other than the Tax Matters Partner to be eligible to file a petition for redetermination of partnership items in any court or to participate in an existing case, the period for assessing any tax attributable to the partnership items of that partner must not have expired.  Since such a partner would only be treated as a party to the action if the statute of limitations with respect to them was still open, the law is unclear whether the partner would have standing to assert that the statute of limitations had expired with respect to them.  [H. Rept. 105-148, at 594 (1997), 1997-4 C.B. (Vol. 1) 319, 916.]

[9] Generally the Court's jurisdiction in a partnership proceeding is restricted to determining "partnership items". Sec. 6226(f); Petaluma FX Partners, LLC v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 11-12).  However, our jurisdiction over whether the period of limitations has expired as to individual partners presents an exception since the expiration of the period of limitations can depend on facts that are peculiar to the individual partners.  See Rhone-Poulenc Surfactants &

(continued...)

Assuming that section 6226(d)(1) may, in some situations, permit a partner who is neither a notice partner nor a member of a 5-percent group to file a petition for the sole purpose of raising the statute of limitations,[10] we do not think it can be done under the present facts. The pertinent language of section 6226(d)(1) permits a party to "participate" in an existing partnership case "<u>or</u> file a readjustment petition" (emphasis added) for the sole purpose of asserting that the period of limitations has expired as to that party. This statutory

--------------------

[9](...continued)
<u>Specialties, L.P. v. Commissioner</u>, 114 T.C. 533 (2000), appeal dismissed and remanded 249 F.3d 175 (3d Cir. 2001). As we observed therein:

> in 1997, Congress recognized that the periods for assessing tax against individual partners may vary from partner to partner and specifically provided that an individual partner will be permitted to participate as a party in the partnership proceeding 'solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person'. See the last sentence of section 6226(d)(1)(B), added to the Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, section 1239(b), 111 Stat. 1027, effective for years ending after August 5, 1997. [<u>Id.</u> at 546; fn. ref. omitted.]

[10] Respondent argues that since sec. 6226(d)(1) permits a petition to be filed under sec. 6226(b), a party filing a petition under sec. 6226(d)(1) must also be a notice partner or a member of a 5-percent group as required in sec. 6226(b)(1). We express no opinion on this issue.

provision presents parties with a choice.[11]  The individual

indirect partners made their choice on February 28, 2008, when

they filed their petition as members of a 5-percent group.  As

petitioners in the petition filed by the 5-percent group, they

obviously have elected to participate in that case regarding the

statute of limitations issues and should not be able to file

separate petitions involving the same issue.  This interpretation

of section 6226(d)(1) is consistent with the purpose of the

unified litigation procedures contained in subchapter C (sections

6221-6234) of chapter 63 of the Internal Revenue Code, which was

to resolve partnership issues in one proceeding.  Any other

interpretation of section 6226(d)(1) would be contrary to this

statutory objective.[12]

---

[11] Webster's Dictionary defines "or" as a "function word to indicate * * * an alternative between different or unlike * * * actions".  Webster's Third New International Dictionary (1986).  "Normally, use of a disjunctive indicates alternatives and requires they be treated separately unless such a construction renders the provision repugnant".  George Hyman Constr. Co. v. Occupational Safety & Health Review Commn., 582 F.2d 834, 840 n.10 (4th Cir. 1978).  "As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that they be treated separately."  Azure v. Morton, 514 F.2d 897, 900 (9th Cir. 1975).

[12] As we recently observed:

> To remove the substantial administrative burden occasioned by duplicative audits and litigation and to provide consistent treatment of partnership tax items among partners in the same partnership, Congress enacted the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982

(continued...)

Alternatively, even if each of the five individual indirect partners could have filed a petition under section 6226(d)(1), that subsection specifically permits a party to file such a "petition under subsection (b)". Any petition filed under section 6226(b) would be subject to the rule in section 6226(b)(2), which gives priority to the first petition filed with respect to an FPAA, and section 6226(b)(4), which provides for dismissal of subsequent actions brought with respect to the same FPAA. These provisions require that the five petitions filed by the individual indirect partners be dismissed. This still permits all of the parties to litigate all of the issues that have been raised and is consistent with the overall statutory purpose of doing so in one proceeding.

Our jurisdiction to review FPAAs is contained in section 6226. Because the specific provisions of that section give us jurisdiction over the petition filed on February 28, 2008, in docket No. 5078-08 and require dismissal of subsequent actions brought with respect to the same FPAA, we hold that the six petitions filed on February 29, 2008, in docket Nos. 5149-08,

12(...continued)
(TEFRA), Pub. L. 97-248, sec. 401, 96 Stat. 648. See Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995); H. Conf. Rept. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663. [Petaluma FX Partners, LLC v. Commissioner, supra at ___ (slip op. at 10).]

5150-08, 5151-08, 5152-08, 5153-08, and 5154-08 will be dismissed for lack of jurisdiction.

> <u>Orders of dismissal for lack of jurisdiction will be entered in docket Nos. 5149-08, 5150-08, 5151-08, 5152-08, 5153-08, and 5154-08</u>.