HALPERN, J., dissenting: In addition to the question regarding the effect of certain final and temporary regulations, this case presents a novel question: Does the Court have authority in a partnership-level proceeding to decide whether the statute of limitations bars the assessment of a resulting computational adjustment? Without the aid of any input from the parties on that question, in a few cursory paragraphs, the majority holds that we do have that authority. See majority op. pp. 437-438. Because the majority has failed to convince me that in this partnership-level proceeding we have that authority, I respectfully dissent. I. Introduction The Manroes began this partnership-level proceeding after respondent issued an fpaa for the partnership’s 2001 year. The parties agree that, if we sustain the partnership adjustments, there will be computational adjustments to the Manroes’ 2001 and 2002 taxable years. The parties also agree that the Manroes’ 2002 year is open. The motions for partial summary judgment ask us to decide whether section 6501(a) bars the assessment of any computational adjustment for the Manroes’ 2001 year. In a partnership-level proceeding, the Court has authority to decide (1) partnership items (and related penalties, additions to tax and the like), see sec. 6221; (2) affirmative defenses, see Rule 39; and (3) whether a partner is not a party because he has no interest in the outcome of the proceeding, see sec. 6226(c) and (d). The majority does not suggest that the question before us concerns either a partnership item (or related penalty, addition to tax or the like) or an affirmative defense. Rather, the majority cites section 6226(c) and (d) and three cases involving those provisions. In response to the majority, I first briefly explain why the question is not an affirmative defense in this partnership-level proceeding; second, I discuss the statute; and, third, I review the caselaw. Fourth, before addressing the effect of the majority opinion, I address Judge Thornton’s three arguments that the question before us involves a partnership item. Finally, I offer my conclusion. II. Affirmative Defenses An affirmative defense is an “assertion of facts and arguments that, if true, will defeat the * * * [cause of action], even if all the allegations * * * are true.” Black’s Law Dictionary 482 (9th ed. 2009). Rule 39 provides a few examples of affirmative defenses: “res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations.” One affirmative defense to an FPAA is that the FPAA cannot affect any open partner year. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 534-535 (2000) (“However, if partnership-level proceedings are commenced after the time for assessing tax against the partners has expired, the proceedings will be of no avail because the expiration of the period for assessing tax against the partners, if properly raised, will bar any assessments attributable to partnership items.”); see also infra sec. IV.B.l. of this separate opinion. The Manroes have assigned error to the FPAA, yet they cannot avoid addressing its merits simply by showing that section 6501(a) bars the assessment of any computational adjustment for the Manroes’ 2001 year. The reason is that the Manroes’ 2002 year is open. If they do not address the merits of the FPAA, we shall be compelled to enter decision clearing the way for respondent to make a computational adjustment increasing their tax liability for 2002. That is, even if section 6501(a) bars the assessment of any computational adjustment for the Manroes’ 2001 year, we must reach the merits of the FPAA regardless. The argument that section 6501(a) bars the assessment of any resulting tax liability for the Manroes’ 2001 year does not, therefore, constitute an affirmative defense to the FPAA.[1] The Manroes are not without recourse as to that argument, however, because they may raise it as an affirmative defense in any subsequent partner-level collection action or refund suit with respect to their 2001 year. At the partner level, that argument would be an affirmative defense because, at that level, each year is a separate cause of action with respect to which the partner can prevail by showing the year is closed. III. Jurisdiction To Hear a Claim That a Partner Has No Interest in the Outcome of the Proceeding Section 6226 provides for the judicial review of an FPAA. If an action for review is brought, section 6226(c) provides that each person who was a partner in the partnership at any time during any partnership year addressed by the FPAA is (1) treated as a party to the action and (2) allowed to participate in the action. Subparagraph (B) of section 6226(d)(1) deprives a partner of that status and that right if he has no interest in the outcome of the proceeding; i.e., “after the day on which * * * the period within which any tax attributable to * * * [the partnership items of the partner] may be assessed against that partner expired.” Importantly, the sentence following subparagraph (B) of section 6226(d)(1) (the flush-language sentence) provides in pertinent part: Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition * * *) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion. The flush-language sentence affirms our jurisdiction to treat a partner as a party for the limited purpose of determining that he is not otherwise a party (i.e., for determining that he lacks an interest in the outcome of the proceeding).[2] It must be read in context. Congress added it in 1997, effective for partnership years ending after August 5, 1997, as a means of “Clarifying the Tax Court’s jurisdiction”. H. Rept. 105-148, at 594 (1997), 1997-4 C.B. (Vol. 1) 319, 916. The House report describes the jurisdictional question as follows: For a partner * * * to be eligible to file a petition for redetermination of partnership items in any court or to participate in an existing case, the period for assessing any tax attributable to the partnership items of that partner must not have expired. Since such a partner would only be treated as a party to the action if the statute of limitations with respect to them [sic] was still open, the law is unclear whether the partner would have standing to assert that the statute of limitations had expired with respect to them [sic]. [Id.[3]] The House report states that Congress intended the flush-language sentence as nothing more than a clarification of subparagraph (B) of section 6226(d)(1). As a clarification, the flush-language sentence added nothing of substance to section 6226(d)(1)(B).[4] Congress added the flush-language sentence simply to address the narrow jurisdictional uncertainty identified in the House report.[5] The flush-language sentence makes clear that the Court has jurisdiction to decide a partner’s claim that he has no interest in the outcome of a partnership-level proceeding (and perhaps that no partner has any interest therein[6]), and it permits nothing more.[7] The history of that sentence demonstrates its narrow purpose. A partner who concedes that he has an interest in the outcome of the proceeding is a party to it and has no recourse to section 6226(d)(1). The Manroes concede they have an interest in the outcome of this partnership-level proceeding because they concede that the partnership adjustments in dispute will affect their 2002 year, which they concede is open; i.e., they concede that “the period within which any tax attributable to * * * partnership items may be assessed” against them is still open. See sec. 6226(d)(1)(B) (emphasis added). Indeed, the Manroes do not deny that they are parties to this proceeding. Section 6226(d)(1) is therefore not relevant to the inquiry before us.[8] IV. Caselaw The majority cites three cases in three short paragraphs. See majority op. pp. 437-438. I discuss all three as well as a few others. A. Cases That Reaffirm Our Authority, To Determine Which Partners Are Parties PCMG Trading Partners XX, L.P. v. Commissioner, 131 T.C. 206 (2008), involved five partners who filed a timely petition as a 5-percent group under section 6226(b)(1) after the tax matters partner had failed to file a petition. Id. at 208. Because they were uncertain whether the Court would uphold the petition of the 5-percent group, the five partners also all filed separate petitions asserting, as the lead petition had, that under section 6226(d)(1)(B) none was a party to the proceeding. Id. at 208-209, 211-213. PCMG concerned the Commissioner’s motion to dismiss those five petitions (and one other). Id. at 207. After establishing that the Court had jurisdiction over the petition of the 5-percent group, the Court was bound by section 6226(b)(2) and (4) to dismiss all subsequent actions. Id. at 211. Thus, the holding of PCMG does not concern section 6226(c) and (d) in any way relevant here. Nonetheless, the discussion in PCMG of section 6226(c) and (d) supports my analysis. The majority quotes PCMG note 9: Generally the Court’s jurisdiction in a partnership proceeding is restricted to determining “partnership items”. Sec. 6226(f); Petaluma FX Partners, LLC v. Commissioner, 131 T.C. 84, 91 (2008). However, our jurisdiction over whether the period of limitations has expired as to individual partners presents an exception since the expiration of the period of limitations can depend on facts that are peculiar to the individual partners. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533 * * *. As we observed therein: “in 1997, Congress recognized that the periods for assessing tax against individual partners may vary from partner to partner and specifically provided that an individual partner will be permitted to participate as a party in the partnership proceeding ‘solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person’. See the last sentence of section 6226(d)(1)(B), added to the Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, section 1239(b), 111 Stat. 1027, effective for years ending after August 5, 1997. [Id. at 546; fn. ref. omitted.]” [Id. at 213 n.9.] To restate: Partnership items are those items required to be taken into account for the partnership’s taxable year to the extent that those items are more appropriately determined at the partnership level than at the partner level. Sec. 6231(a)(3). By contrast, an inquiry under section 6226(d)(1) to determine whether a partner is a party will in most circumstances depend on facts that are peculiar to the individual partner; for that reason, in most circumstances, that inquiry would seem inappropriate at the partnership level. Nonetheless, concludes PCMG note 9, section 6226(d)(1)(B) grants the Court the authority to make such a partner-specific inquiry and to decide whether the period of limitations for a partner has run in the context of determining whether that partner is a party. Again, because the Manroes concede they are parties to this partnership-level proceeding, section 6226(d)(1) is not relevant. PCMG does not support the majority. B. Cases Concerning the Timeliness of the FPAA 1. Cases in Which the FPAA Is Untimely The majority cites Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra, for the proposition that in a partnership-level proceeding the partners may assert that the period of limitations for assessing any tax attributable to partnership items has expired. See majority op. p. 438. That is, the majority cites Rhone-Poulenc for its recitation of the flush-language sentence in section 6226(d)(1), which permits a partner to argue that he is not a party to a partnership-level proceeding. Yet Rhone-Poulenc supports my analysis of section 6226(c) and (d). Rhone-Poulenc simply involved the special case in which every partner argues that, under section 6226(d)(1)(B), he is not a party to a partnership-level proceeding. We concluded that, if the statute of limitations barred assessment of every computational adjustment resulting from every partnership adjustment, reaching the merits of the FPAA would be of “no avail”. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. at 534-535; cf. supra sec. II. of this separate opinion (describing the argument in Rhone-Poulenc as in effect an affirmative defense to the FPAA). Rhone-Poulenc involved an argument that no partner was a party to the partnership-level proceeding and does not support the majority. 2. Cases in Which the FPAA Is Timely The majority cites Curr-Spec Partners, L.P. v. Commissioner, T.C. Memo. 2007-289, affd. 579 F.3d 391 (5th Cir. 2009), but does not explain for what proposition. The reason, I imagine, is that Curr-Spec does not in fact involve an inquiry into whether any partner year was open or closed. Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007), and G-5 Inv. Pship. v. Commissioner, 128 T.C. 186 (2007), control Curr-Spec, and all three involve the same fact pattern. In each case, the Commissioner conceded that the statute of limitations barred assessment against any partner of any computational adjustment for the partner year corresponding to the partnership year for which the FPAA was issued. The taxpayers argued that, for that reason, the Commissioner could not assess any computational adjustment for any subsequent year, even though the taxpayers conceded that the subsequent years were open. The Court rejected the taxpayers’ argument. Those three cases did not involve any partner-specific inquiry into the statute of limitations, however, because the parties agreed which years were open and which closed. The question, rather, was whether the FPAA was timely. The Court held that it was timely because, even assuming the FPAA had been issued for a partnership year congruent to closed partner years, if the FPAA could affect an open partner year, then the Court could reach its merits. See supra sec. II. of this separate opinion. Those three cases do not support the majority. C. Other Cases That Support My Analysis 1. New Millennium Trading, L.L.C. v. Commissioner The specific question we consider today is whether in a partnership-level proceeding a partner who concedes he is a party may argue that the statute of limitations bars the assessment of a resulting computational adjustment. The broader question might be whether in a partnership-level proceeding a partner may raise a partner-specific defense. In the penalty context, we recently answered the latter question with a resounding “no”. See New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275 (2008). In New Millennium Trading, the taxpayer moved for partial summary judgment, asking the Court to hold either invalid or inapplicable the regulation barring a partner from raising partner-level defenses in a partnership-level proceeding. We denied the motion in both respects, see id. at 275-276, thereby upholding section 301.6221-lT(c) and (d), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3838 (Jan. 26, 1999).[9] We began by stating unequivocally that “a partner cannot raise partner-level defenses in a TEFRA proceeding”. New Millennium Trading, L.L.C. v. Commissioner, supra at 284. We explained that “[t]he TEFRA structure enacted by Congress does not permit a partner to raise partner-level defenses during a partnership-level proceeding”, id. at 285, and we held that “sections 6221, 6230(c)(1), and 6230(c)(4), when read in conjunction, make clear that Congress intended for partners to raise partner-level defenses during a refund action after the partnership proceeding”, id. at 288. We concluded that “the legislative history and the definitions in section 6231(a) [make clear] that Congress did not wish the Court to decide all issues associated with a partnership in a single proceeding even if * * * [the Court] has the information available to do so.” Id. at 290. New Millennium Trading stands for a simple proposition: The character of a defense to a penalty determines whether that defense is appropriate at the partnership level or the partner level. I argue only that an analogous proposition holds for a defense based on the statute of limitations. 2. Slovacek v. United States In Slovacek v. United States, 36 Fed. Cl. 250, 253—254 (1996), the taxpayers, in a partner-level proceeding, sought to disqualify a tax matters partner who had extended the partnership’s period of limitations. Success on that argument would have meant that, under section 6226(d)(1)(B), no partner was a party to the partnership-level proceeding. The Court of Federal Claims first asked whether section 301.6231(a)(3)-l(b), Proced. & Admin. Regs. (“Factors that affect the determination of partnership items.”), encompasses the “partnership’s statute of limitations”. Id. at 256. The Court of Federal Claims then stated: Determining whether * * * [the tax matters partner] extended the statute of limitations might be said to affect the amount, timing, and characterization of income, etc., (partnership items) at the partnership level, if only in a thumbs-up or thumbs-down manner. Conversely, a statute of limitations issue applicable only to an individual partner involves questions of fact pertinent only to that partner, e.g., whether he extended the statute of limitations for his own return, see I.R.C. § 6229(b)(1)(A), or timely entered into a settlement agreement solely with respect to the partner’s return, see I.R.C. § 6229(f), or participated in preparing a fraudulent partnership return, see I.R.C. § 6229(c)(1)(A). [Id,.] The taxpayers lost because the Court of Federal Claims concluded that they made the first kind of argument: [W]hether a statute of limitations applicable to the partnership as a whole was waived so as to permit assessment of additional taxes against the partnership as a whole is an issue to be decided at the partnership level, since it affects all partners alike (to the extent of their proportionate share). * * * [Id.[10]] Petitioners, however, have made the second kind of argument. Their statute of limitations argument, which is not an argument under section 6226(d)(1)(B) that they are not parties, involves questions of fact pertinent only to them; i.e., whether any computational adjustment for 2001 would be timely with respect to them individually. Thus, their argument is appropriate at the partner level. D. Conclusion The holding of no case supports the majority; moreover, my analysis of section 6226(d) is consistent with every case I have found and the majority cites.[11] V. The Concurring Opinion Judge Thornton proposes three ways in which the Manroes’ statute of limitations claim might present a partnership item (which would allow us to dispose of the claim at the partnership level, see sec. 6221). The first way supports the majority’s analysis of section 6226(d)(1). The second two ways provide an alternative ground for considering the Manroes’ claim. A. Section 6226(d)(1) and the Flush-Language Sentence Judge Thornton apparently believes that a partner’s claim made pursuant to the flush-language sentence that he has no interest in the outcome of a partnership-level proceeding necessarily involves a partnership item. Concurring op. pp. 455-456. As indicated previously, the term “partnership item” is a term of art, defined in section 6231(a)(3) and section 301.6231(a)(3)-l, Proced. & Admin. Regs. A partner’s claim made pursuant to the flush-language sentence might involve a partnership item, especially if the claim is that the period of limitations has expired for all partners for all years so that it raises an affirmative defense to the FPAA. See sec. 301.6231(a)(3)-l(b), Proced. & Admin. Regs. (“Factors that affect the determination of partnership items.”); see also supra note 3; supra sec. IV.C.2. of this separate opinion (discussing the two kinds of statute of limitations arguments identified in Slovacek v. United States, supra). The Manroes do not raise an affirmative defense to the FPAA and do not disclaim an interest in this proceeding. Judge Thornton has failed to show that their claim nonetheless involves a partnership item under section 6226(d)(1). B. Section 6501(c)(10) and Listed Transactions Relying on section 6501(c)(10), Judge Thornton proposes two ways the Manroes’ statute of limitations claim might present a partnership item. Judge Thornton offers his analysis relying on section 6501(c)(10) as an alternative to the majority’s analysis under section 6226(d)(1). Section 6501(c)(10) extends the section 6501(a) period for assessing and collecting tax if a taxpayer fails to include on his return information required with respect to listed transactions. Judge Thornton speculates that, because the partnership was involved in what is arguably a listed transaction, the question of whether that transaction is a listed transaction “could be considered a partnership item.” Concurring op. p. 456. He further speculates that, “insofar as the partnership’s failure to file a disclosure statement operates to extend the limitations period under section 6501(c)(10) for assessing any tax”, the question of “[w]hether the limitations period remains open may also be considered a partnership item”. Concurring op. p. 456. With respect to Judge Thornton’s first conclusion, the factual inquiry necessary to determine whether a transaction is a listed transaction may indeed involve partnership items (e.g., partnership liabilities or the amount of a partner’s contributions to the partnership, see sec. 301.6231(a)(3)-l(a)(l)(v), (4)(i), Proced. & Admin. Regs.), and the question itself may well present a partnership item. Nonetheless, a finding that the transaction is a listed transaction is insufficient for a finding that section 6501(c)(10) has extended the section 6501(a) period of limitations for the Manroes’ 2001 year. To make that finding, we would also need to decide (1) the effective dates of sections 6501(c)(10) and 6707A and (2) the validity of section 1.6011-4T(a)(l), Temporary Income Tax Regs., 67 Fed. Reg. 41327 (June 18, 2002). While those questions are purely legal, the answers are in this case irrelevant to whether the FPAA was timely (it was) and to whether the Manroes are parties (they are); the answers are pertinent only to whether, because of section 6501(c)(10), the section 6501(a) period of limitations applicable to the Manroes has been extended for their 2001 year.[12] In a partnership-level proceeding, for a partner who does not deny he is a party thereto, a statute of limitations claim is not an affirmative defense. See supra secs. II. and III. of this separate opinion. Judge Thornton has failed to convince me that, nonetheless, that claim involves a partnership item within the meaning of section 301.6231(a)(3)-l, Proced. & Admin. Regs. With respect to Judge Thornton’s second conclusion, I am not convinced that the Manroes’ statute of limitations claim is a partnership item because the partnership failed to attach a disclosure statement to its return. Section 1.6011-4T(a)(l), Temporary Income Tax Regs., supra, imposes a disclosure requirement on, among others, every individual and partnership participating directly or indirectly in a reportable transaction. If a partnership and some of its partners participate in a reportable transaction, then both the partnership and those partners must disclose. (That is, I assume, the situation we have here.) The temporary regulation, however, does not explain the effects of disclosure by the partnership on the partners, or vice versa. I would be hesitant without clarification of the regulation to state either (1) that, notwithstanding a partner’s disclosure, a partnership’s failure to disclose could extend the partner’s period of limitations or (2) that the partnership’s disclosure could cure a partner’s failure to disclose. I believe that, in the situation described, the partner’s disclosure should be both necessary and sufficient to overcome section 6501(c)(10). Thus, the partnership’s disclosure seems irrelevant. Because the partner’s disclosure should always decide the issue, the issue does not present a partnership item. Judge Thornton’s listed transactions speculation raises interesting points. His alternative to the majority’s analysis of section 6226(d)(1), however, is pertinent only to a narrow class of cases (i.e., those involving listed transactions). Moreover, like the majority, he is satisfied to decide important issues without any input from the parties. I would not do so. VI. Effect of the Majority Opinion I fear that an effect of the majority opinion is to transform a partnership-level proceeding into the exclusive venue for raising any statute of limitations defense. That is contrary to the purposes and logic of the unified audit and litigation procedures of Tax Equity and Fiscal Responsibility Act of 1982 (tefra), Pub. L. 97-248, sec. 402, 96 Stat. 648. tefra was intended to make certain that any question that affected partners in a partnership generally was answered once and for all. See, e.g., RJT Invs. X v. Commissioner, 491 F.3d 732, 737 (8th Cir. 2007), in which the Court of Appeals stated: TEFRA was intended, in relevant part, to prevent inconsistent and inequitable income tax treatment between various partners of the same partnership resulting from conflicting determinations of partnership level items in individual partner proceedings. Randell v. United States, 64 F.3d 101, 103-04 (3rd Cir. 1995) (describing the goals of TEFRA and the problems TEFRA was intended to address) * * * TEFRA was also intended to make the administration of the tax laws more efficient. See H. Conf. Rept. 97-760, at 600 (1982), 1982-2 C.B. 600, 662. The majority’s interpretation furthers neither of those goals; indeed, as discussed below, it may have unintended consequences. I believe that the majority has erred because it has not considered the differences between an affirmative defense to an FPAA, a partner’s claim that he is not a party to a partnership-level proceeding, and a partner’s claim that section 6501(a) bars the collection of a particular computational adjustment. While hanging its hat on language in section 6226(d)(1) dealing with claims of the second sort, the majority I believe has conflated claims of the first and third sort, treating a claim of the third sort as a proper affirmative defense at the partnership level.[13] That misunderstanding of the statutory framework will almost certainly have adverse and surprising consequences. Consider a case in which no partner plans to contest the merits of an FPAA or his status as a party, but each believes he has a partner-level defense, some relying on the statute of limitations, some on another defense. I assume that if a partner with a statute of limitations defense fails to raise that defense at the partnership level, he will be deemed to have waived it. In general, a party who fails to raise a defense when he has the opportunity to do so thereby waives the defense. See, e.g., Chimblo v. Commissioner, 177 F.3d 119, 125 (2d Cir. 1999), affg. T.C. Memo. 1997-535, in which the Court of Appeals stated: As a general matter, the statute of limitations is an affirmative defense that must be pleaded; it is not jurisdictional. See Columbia Bldg., Ltd. v. Commissioner, 98 T.C. 607, 611 * * * (1992). It follows that such a defense may be waived by a party who fails to raise it at the appropriate time. The majority opinion seems to stand for the proposition that, although generally a partner must preserve his partner-specific defenses for a partner-level proceeding, he may— and so must — mount his statute of limitations defense at the partnership level, even if he disputes neither the fpaa nor that he has an interest in the outcome of the partnership-level proceeding. I doubt that Congress set such a perilous trap for the unwary. VII. Conclusion In a partnership-level proceeding, the Court has authority to decide (1) partnership items (and related penalties, additions to tax and the like), see sec. 6221, (2) affirmative defenses, see Rule 39, and (3) whether a partner is not a party because he has no interest in the outcome of the proceeding, see sec. 6226(c) and (d). In a partnership-level proceeding, if a partner is a party thereto, the question of whether the statute of limitations bars the subsequent assessment of tax for a given year is neither a partnership item nor an affirmative defense to the FPAA. The majority and Judge Thornton fail to convince me otherwise and so fail to convince me that the Court has authority in this proceeding to consider that question.[14] Consider the problem another way: Respondent has not yet sought to collect any tax from any partner with respect to the adjustments in the FPAA. Indeed, he cannot yet do so. See sec. 6225. Thus, to answer the question these motions present is to answer a hypothetical question. Generally, when a court answers a question unnecessarily, its opinion is at best advisory. I would deny both motions as at this time beyond the authority of the Court. Therefore, I respectfully dissent. Foley and Holmes, JJ., agree with this dissenting opinion. Although the majority does not suggest that the sec. 6501(a) question before us concerns an affirmative defense, I believe that the majority has impermissibly allowed the parties to place before the Court a partner-level affirmative defense that has no place in this partnership-level proceeding. A partner may, of course, plead alternatively that he has no interest in the outcome of the proceeding and that the adjustments in the FPAA are in error. See Rule 31(c) (“A party may state as many separate claims or defenses as the party has regardless of consistency or the grounds on which based.”). The disagreement in number between the relative pronoun “them” and its antecedent “partner” may indicate the committee’s understanding that a partner (or group of them) might file a petition or participate not only to argue individually that no year was open to a computational adjustment but also to argue the statute of limitations as an affirmative defense; i.e., that the case should be decided in favor of the partners because the statute of limitations had run its course with respect to all partners. See Columbia Bldg., Ltd. v. Commissioner, 98 T.C. 607, 611 (1992) (holding for the partners on that ground). If the flush-language sentence is, as the House report states, a mere clarification, then, before its addition in 1997, the Court must have had the authority to determine whether a partner was a party to a partnership-level proceeding or to consider the statute of limitations as an affirmative defense. And, indeed, the Court did. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 535 n.4 (2000) (citing the flush-language sentence but noting that it did not apply to the partnership year before us); Columbia Bldg., Ltd. v. Commissioner, supra (preceding the addition of the flush-language sentence, and holding that partners may litigate a statute of limitations defense with respect to all partners). Recognizing that a partner may always make alternative arguments, see supra note 2, Judge Thornton surmises that the flush-language sentence simply confirms that, if a partner wishes “to assert the limitations bar” as his sole argument, he may do so. Concurring op. p. 454. That, however, is not the point of the flush-language sentence. Rather, the flush-language sentence answered a jurisdictional question: How could a partner participate in (or commence) a partnership-level proceeding for the purpose of arguing that, because the period of limitations had run, he was not a party thereto? Generally, a statute of limitations claim is not equivalent to a claim that one is not a party to the action — it is an affirmative defense. A partner who makes a successful sec. 6226(d)(1)(B) claim, however, abjures his status as a party; the Court, for that reason, might appear to lack jurisdiction to allow him to participate at all (even for the limited purpose of establishing that he cannot participate). The flush-language sentence ensures that the Court has jurisdiction to hear a partner’s claim that (in effect) the Court has no jurisdiction over him. See supra note 3. A partner may wish to establish that he is not a party to lessen the risk that, in a subsequent collection action or refund suit, the Commissioner could successfully defend on the ground that the partner is estopped from challenging the partnership adjustments leading to the computational adjustments. See, e.g., Katchis v. United States, 84 AFTR 2d 99-5503, 99-2 USTC par. 50,744 (S.D.N.Y. 1999). That conclusion does not, as Judge Thornton believes (concurring op. p. 454), suggest an anomaly. If a partner avers that, of the years affected by partnership items, some, but not all, are closed, then he concedes he is a party. If even one year is open, then the partner has an interest in the outcome of the proceeding; he has failed to aver facts necessary to prove that he is not a party under sec. 6226(d)(1)(B). The flush-language sentence confirms our jurisdiction to determine that a partner is not a party to a partnership-level proceeding but does not go further to give us authority to consider a party's partner-specific defense. See discussion of New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275 (2008), infra sec. IV.C.l. of this separate opinion. Moreover, we need not necessarily decide the status of all a partner’s years affected by partnership items even if, by averring that all those years are closed, he properly raises the question of whether he is a party to the partnership-level proceeding. Judge Thornton states: “[T]o decide whether the assessment of tax attributable to partnership items is time barred for purposes of determining which partners have an interest in the outcome of the proceeding is, necessarily, to decide that issue for all purposes.” Concurring op. p. 453. If a partner argues that he is not a party under sec. 6226(d)(1)(B), the Court must search for an open year. If the Court finds no open year, then the partner is not a party; moreover, I assume collateral estoppel would prevent the Commissioner from arguing otherwise in a later action. The moment the Court finds one open year, however, the partner is a party and the inquiry is done; the Corut would not need to find (and judicial restraint would counsel against finding) the status of any other year. Although temporary during the year at issue in New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275 (2008), sec. 301.6221-1T(c) and (d), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3838 (Jan. 26, 1999), was made final and applicable to partnership taxable years beginning on or after Oct. 4, 2001. Sec. 301.6221-l(f), Proced. & Admin. Regs. Sec. 301.6221 — 1(c), Proced. & Admin. Regs. (“Penalties determined at partnership level.”), provides: Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level. Partner-level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section. Sec. 301.6221-l(d), Proced. & Admin. Regs. (“Partner-level defenses.”), provides: Partner-level defenses to any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may not be asserted in the partnership-level proceeding, but may be asserted through separate refund actions following assessment and payment. See section 6230(c)(4). Partner-level defenses are limited to those that are personal to the partner or are dependent upon the partner’s separate return and cannot be determined at the partnership level. Examples of these determinations are whether any applicable threshold underpayment of tax has been met with respect to the partner or whether the partner has met the criteria of section 6664(b) (penalties applicable only where return is filed), or section 6664(c)(1) (reasonable cause exception) subject to partnership-level determinations as to the applicability of section 6664(c)(2). In the end, however, the Court of Federal Claims did not rely on that analysis and held that, by signing an income tax settlement agreement, the taxpayers had waived “their legal right to a refund.” Slovacek v. United States, 36 Fed. Cl. 250, 256 (1996). Judge Thornton cites Crowell v. Commissioner, 102 T.C. 683 (1994), and McConnell v. Commissioner, T.C. Memo. 2008-167, for the proposition that “a statute of limitations defense as pertains to a final notice of partnership adjustments should be prosecuted in the context of the partnership-level proceeding rather than in a partner-level proceeding.” Concurring op. pp. 456— 457. I could not agree more. Yet, as I have argued supra in sec. II. of this separate opinion, the statute of limitations defense the Manroes present does not pertain to the PPAA. Analogous questions would include whether they by agreement with the Commissioner extended the period of limitations for the assessment of computational adjustments pertaining only to their return, see sec. 6229(bXl)(A), or entered into a settlement solely with respect to their own return, see sec. 6229(f). Those are questions that would be pertinent only to the Manroes and so would be properly raised only at the partner level. See supra sec. IV.C.2. of this separate opinion. See supra note 1. Judge Thornton suggests: “It is not such a great leap that the Court should also consider * * * [a partner’s assertions of a limitations bar] where a partner asserts the limitations bar with respect to fewer than all affected years.” Concurring op. p. 457. It is a great leap, however, if we do not have authority to do so. As we stated in Blonien v. Commissioner, 118 T.C. 541, 550 (2002) (quoting Saso v. Commissioner, 93 T.C. 730, 734-735 (1989)): “‘When a jurisdictional issue is raised, as well as a statute of limitations issue, we must first decide whether we have jurisdiction in the case before considering the statute of limitations defense.’” As we further stated, citing the Supreme Court as authority: “We cannot avoid the jurisdictional issue by assuming hypothetical jurisdiction and disposing of the case on the merits.” Id. at 551 (citing Steel Co. v. Citizens for a Better Envt., 523 U.S. 83, 94 (1998)).